[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND PERMANENT INJUNCTION
The plaintiffs have proven their claim of breach of fiduciary duty by the defendant, Robert J. Betz, under the first count of the complaint. The evidence did not prove abuse of process by Betz, even though he may have had an improper motive for commencing litigation in November, 1988, because the process was used for the purpose for which it was intended and it was partially successful. Mozzochi v. Beck, 204 Conn. 490, 494.
By attempting to establish gun clubs which competed with the named plaintiff, and the other three plaintiffs which operate as shooting clubs under the direction of the named plaintiff, the defendant made himself individually and as an officer of other gun clubs, a business competitor of the named plaintiff for operation of the Wooster Mountain facility. His self-dealing and attempts to undermine the CT Page 459 named plaintiff amounted to unfair methods of competition and unfair and deceptive acts and practices by a business competitor in violation of section 42-110b(a) of the General Statutes. His conduct met the test of an unfair practice by a business competitor. See McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 567-68.
The damages sustained by each of the plaintiffs, resulting from the conduct of the defendant acting individually or through authorized agents, is difficult to ascertain precisely. While the named plaintiff lost its lease effective January 1, 1992 from the Department of Environmental Protection, it is difficult to pinpoint to what extent the defendant's activities alone resulted in the loss of the lease or to what extent it occurred from actions of others such as Walter Vaillancourt, Richard Lindeborn and some competing gun clubs that are not parties to this action. In addition, while the Department of Environmental Protection revoked the lease and may place operation of the Wooster Mountain facility under another private club, it is uncertain whether that will result in total loss of use of the facility by the plaintiffs and their members, and for how long a period of time.
The damages of the plaintiffs under the first count are found to be as follows: Wooster Mountain Gun Club, Inc. (hereafter "WMGC") — $40,000.00; Connecticut Bench Rest Shooters Association, Inc. — $11,500.00; Tanstaafl Shooting Club, Inc. — $15,000.00; Ramapoo Rifle Revolver Club, Inc. — $11,500.00.
WMGC has incurred unreimbursed attorney's fees of $25,500.00. Awarding punitive damages and attorney's fees under section 42-110g of the General Statutes is discretionary with the court. Gargano v. Heyman, 203 Conn. 616,622. An additional amount of $25,000.00 is allowed as punitive damages plus attorney's fees of $25,500.00 so that the total damages of WMGC are $90,500.00.
A permanent injunction is also issued against Robert Betz from interfering in any way with the WMGC operation, or from assisting or authorizing any other person or organization, whether as his agent or in any other capacity, in interfering with the WMGC operation, including but not limited to communicating with the State of Connecticut, particularly the Department of Environmental Protection, regarding WMGC or Wooster Mountain or the use of the Wooster State Park property located on Route 7 in Danbury, Connecticut, or regarding the relationship between WMGC and the public and/or the State; restraining him individually and CT Page 460 from authorizing, encouraging or assisting other persons or organizations from doing anything or communicating any information to governmental entities or the public which tends to bring WMGC, its officers, clubs and directors or the shooting operation there into disrepute; the defendant, Robert Betz, is also restrained from access to the WMGC property and shall not be at the WMGC premises except within the discretion of range officers during scheduled hours for gun clubs to operate; and, more generally, he shall cease and desist from any activity competing with WMGC in its use, leasing and management of the Wooster Mountain property and its administration of the shooting range in that or other locations.
ROBERT A. FULLER, JUDGE